UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY D. DELAROSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00063-JPH-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| KEVIN GILMORE, | ) | |
| RANDALL PURCELL, | ) | |
| ROB MARSHALL, | ) | |
| RANDY VANVLEET, | ) | |
| JACK HENDRIX, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING UNOPPOSED PARTIAL MOTION FOR SUMMARY JUDGMENT**

**I. Background**

Plaintiff Anthony D. Delarosa, an inmate incarcerated at all relevant times at the Wabash Valley Correctional Facility (Wabash Valley), filed this civil rights action *pro se* on February 4, 2020. Dkt. 2. The defendants in this action are Warden Richard Brown, Assistant Warden Kevin Gilmore, Randall Purcell, Rob Marshall, Randy Vanvleet, and Jack Hendrix.

Mr. Delarosa alleges that he was subjected to unlawful conditions of confinement in violation of his Eighth Amendment rights and that his Fourteenth Amendment due process rights were violated while housed in Secure Confinement Unit (SCU). Dkt. 1.

The defendants have moved for partial summary judgment seeking resolution of the Eighth Amendment claims on the basis that Mr. Delarosa failed to exhaust his available administrative remedies on those claims before filing this action. Dkt. 39. Mr. Delarosa has not opposed the motion.

1

## II. Legal Standards

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendants' motion for summary judgment and brief in support were filed on November 5, 2020. Dkt. 39; dkt. 40. The consequence of Mr. Delarosa's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

### III. Discussion

#### A.    Undisputed Facts

The following facts, unopposed by Mr. Delarosa and supported by admissible evidence, are accepted as true for purposes of the motion for summary judgment:

Mr. Delarosa alleges that he was kept in administrative restrictive status housing (ARSH) in the Wabash Valley SCU from February 2016 until January 2018 without due process and under unconstitutional conditions. Dkt. 1. As to his Eighth Amendment claims, Mr. Delarosa alleges he was "deprived of society, deprivation of meaningful human contact and ease of communication, the loss of freedom of movement, lack of access to the law library, vocational

programs and job assignments as well as diminished quality of life." *Id.* at 7.

At all times relevant to this litigation, Wabash Valley had an offender grievance process in place for offenders to address their complaints. Dkt. 39-2; dkt. 39-3. That process is titled Offender Grievance Process, Policy and Procedure 00-02-301 (Grievance Process). Two versions of Offender Grievance Process were in effect over the relevant time period, one effective April 5, 2015, and the other effective October 1, 2017. Dkt. 39-1, ¶ 9; dkt. 39-2; dkt. 39-3.

To fully exhaust the Grievance Process under the policy effective April 5, 2015, an inmate must have completed the following steps: (1) an informal attempt to resolve the issue; (2) a submission of a written form outlining the problem; and (3) a written appeal to a higher authority. Dkt. 39-1, ¶ 11, dkt. 39-2 at 3.

To fully exhaust the process under the Grievance Process effective October 1, 2017, an inmate must have completed the following steps: (1) a formal attempt to solve a problem or concern following an unsuccessful attempt at informal resolution; (2) a written appeal to the Warden/designee; and (3) a written appeal to the Department Grievance Manager. Exhaustion of the grievance process requires an offender to timely complete all three steps. Dkt. 39-1, ¶ 22; dkt. 39-3 at 3.

Offenders are made aware of the Grievance Process during orientation and offenders have continual access to the policy in the law library Dkt. 39-1, ¶¶ 19, 40, 41. Through the applicable Grievance Process, offenders may grieve the conditions of their confinement. *Id.*, ¶ 51.

Mr. Delarosa filed ten accepted formal grievances during his current incarceration period. Dkt. 39-1, ¶ 43; dkt. 39-4. Of these ten grievances, four accepted formal grievances were submitted between February 2016 and January 2018, the time period during which he alleges he was subject to unconstitutional conditions. Dkt. 39-1, ¶ 45. None of these grievances related to his allegations

4

of loss of human contact, access to the law library, or vocational programs. *Id.*, ¶ 50.

  **B.**  **Analysis**

The undisputed facts demonstrate that there was a grievance process in place and Mr. Delarosa was aware of that process. Mr. Delarosa failed to timely complete the grievance procedure before bringing his Eighth Amendment claims in this action. Mr. Delarosa has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by the defendants.

The defendants have met their burden of proving that Mr. Delarosa "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The consequence of Mr. Delarosa's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his Eighth Amendment claims against defendants must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the reasons explained above, the defendants' motion for summary judgment, dkt. [39], is **granted.** The Eighth Amendment claims against the defendants are **dismissed without prejudice.** Final judgment shall not issue at this time because not all claims have been resolved.

A pretrial schedule shall issue in a separate Entry with respect to the remaining Fourteenth Amendment due process claims.

**SO ORDERED.**

Date: 3/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel